# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RP/Essex Skyline Holdings, LLC <br><br> v. <br><br> PLAINTIFF(S) <br><br> Ronald Cardenas et al <br><br> DEFENDANT(S) | CASE NUMBER <br><br> 8:24-cv-00171-DOC-DFM <br><br> **ORDER ON REQUEST TO PROCEED** <br> ***IN FORMA PAUPERIS*** <br> **(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:


**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

  ☒ The District Court lacks ☒ subject matter jurisdiction ☒ removal jurisdiction.
  ☐ The action is frivolous or malicious.
  ☐ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:




If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☐ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☒ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| 01/26/2024 | *David O. Carter* |
| Date | United States District Judge |

CV-73 (07/22)   **ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)**

Ronald Cardenas, a Defendant in what appears to be a routine unlawful detainer action in California state court, filed a Notice of Removal of that action to this Court and a request to proceed in forma pauperis ("Request").

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. Fifty Associates v. Prudential Insurance Company of America, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper. Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

Defendant has not met his burden of demonstrating that removal is proper. The underlying complaint alleges a claim for unlawful detainer under state law for failure to pay rent. Bank of Am., Nat'l Ass'n v. German, 2019 WL 2353630, at *2 (S.D. Cal. June 4, 2019) ("Because this complaint contains only a state unlawful detainer action, no federal question is presented."); Cooper v. Washington Mut. Bank, 2003 WL 1563999, *2 (N.D. Cal. Mar. 19, 2003) ("An unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction."). Accordingly, there is no federal question jurisdiction presented by this action.

Moreover, it appears there is no citizenship diversity, and the complaint alleges an amount in controversy of less than $10,000, well below the statutory threshold of $75,000.00 for this Court. 28 U.S.C. § 1332. For the foregoing reasons, this Court lacks jurisdiction over this action. Accordingly, the Request is DENIED and this action is REMANDED to the Orange County Superior Court. See 28 U.S.C. § 1447(c).

*(attach additional pages if necessary)*